IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY FERRAIUOLO                                                            PLAINTIFF

        v.                  Civil No. 4:14-cv-04066

RON STOVALL; WARDEN BRAZELL;
CAPTAIN MORGAN; LIEUTENANT ADAMS
SERGEANT PEEKS; CORPORAL SANDERS;
CORPORAL STURDEUANT; OFFICER EVERETT;
SERGEANT MOON                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Anthony Ferraiuolo filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 3, 2014. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently before me is the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

      Plaintiff is currently incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas.

      In Plaintiff's Complaint, he names Ron Stovall, Warden Brazell, Captain Morgan, Lieutenant Adams, Sergeant Peeks, Corporal Sanders, Corporal Sturdeuant, Officer Everett and

Sergeant Moon as Defendants in this matter.  Plaintiff makes claims against each of these Defendants, but the claims relevant to this Report and Recommendation are those made against Defendants Sturdeuant and Moon.

Plaintiff claims that Defendant Sturdeuant sprayed another inmate with pepper spray and that Defendant Moon slammed another inmate face first into the ground.  ECF No. 1.

## II.    APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.   DISCUSSION

Plaintiff's only claims against Defendants Sturdeuant and Moon are that these two Defendants exerted excessive force against other inmates.  Plaintiff makes no allegations that Defendants Sturdeuant or Moon violated Plaintiff's constitutional rights in any way.  A prisoner lacks standing to assert constitutional violations on behalf of other inmates. *See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties"); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (a pro se prisoner cannot bring claims on behalf

of other prisoners). Accordingly, Plaintiff has failed to state a cognizable section 1983 claim against Defendants Sturdeuant and Moon.

### IV.    CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims against Defendants Sturdeuant and Moon be **DISMISSED** and Defendants Sturdeuant and Moon be **DISMISSED** from this action without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Plaintiff's individual and official capacity claims against Defendants Stovall, Warden Brazell, Captain Morgan, Lieutenant Adams, Sergeant Peeks, Corporal Sanders, and Officer Everett remain. The issue of service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of July 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE