IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ANTHONY FERRAIUOLO                                                    PLAINTIFF

v.                                 Case No. 4:14-cv-04066

RON STOVALL; WARDEN BRAZELL;
CAPTAIN MORGAN; LIEUTENANT ADAMS
SERGEANT PEEKS; CORPORAL SANDERS;
CORPORAL STURDEUANT; OFFICER EVERETT; and
SERGEANT MOON                                                        DEFENDANTS


**ORDER**

This is a civil rights action filed by the Plaintiff, Anthony Ferraiuolo, pursuant to 42 U.S.C.

§ 1983.  Currently before the Court are Plaintiff's failure to comply with the Court's orders and

failure to prosecute this matter.  After thorough consideration, the Court issues this Order.

Plaintiff originally filed this case *pro se* on April 24, 2014.  ECF No. 1.  In his Complaint,

Plaintiff claims that his constitutional rights were violated when he was pepper sprayed unnecessarily

and denied medical attention.  ECF No. 1.  Plaintiff was housed in the Miller County Detention

Center ("MCDC") when he filed this Complaint.

On April 24, 2014, United States Magistrate Judge Barry A. Bryant entered an Order

directing Plaintiff to complete and return an *in forma pauperis* ("IFP") application or pay the full

filing fee.  Plaintiff was also advised in the Order that he was required to immediately notify the

Court of any address changes, and that failure to do so may result in the dismissal of this case.  ECF

No. 3.

On July 7, 2014, Plaintiff notified the Court that he had been transferred to the Arkansas Department of Correction ("ADC"). Plaintiff's address of record was changed to reflect his transfer to the ADC. ECF No. 8. On May 12, 2015, mail that had been sent to Plaintiff at the ADC was returned to the Clerk of the Court as undeliverable and marked "No longer with ADC." The same day, Judge Bryant entered an Order changing Plaintiff's address of record to the Bowie County Correctional Facility ("BCCF")in Texarkana, Texas. ECF No. 23. The Court obtained this address through its own research.

On July 8, 2015, Plaintiff notified the Court that he had been released from the BCCF, and he provided the Court with his new address in Texarkana, Texas. ECF No. 28. This Texarkana, Texas address remains Plaintiff's address of record. On December 3, 2016, mail sent to Plaintiff at the Texarkana, Texas address was returned as undeliverable and marked "Unable to forward." Plaintiff has not communicated with the Court since July 2015. ECF No. 23.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> *It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with

orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff has failed to comply with the Court's April 24, 2014 Order (ECF No. 3) by failing to inform the Court of his current address.  Further, Plaintiff has failed to prosecute this matter as he has not communicated with the Court since July 8, 2015, and he has failed to provide the Court with any way to communicate with him.  Accordingly, the Court finds that Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED,** this 19th day of February, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge